JUSTICE BAER
This discretionary appeal requires us to determine whether, under Pennsylvania's recidivist sentencing statute, 42 Pa.C.S. § 9714, a second-strike offender is to receive separate mandatory minimum sentences for a conspiracy conviction and a conviction for the offense underlying that conspiracy, when both offenses are separately listed as "crimes of violence" subject to the sentencing enhancement.[1] Consistent with the result reached by the Superior Court, we hold that a second-strike offender is to receive a mandatory minimum sentence for both convictions. Accordingly, we affirm the judgment of the Superior Court.
*829 Tyrice Griffin (Appellant) and his cohort, Juan Carlos Garcia, committed three armed robberies of restaurants/bars over the span of approximately one month beginning in October 2013. The first robbery occurred on October 8, 2013, at the Belvedere Restaurant in Lancaster County, followed by a second robbery days later at Arooga's Tavern in Cumberland County. The last robbery occurred November 4, 2013, at the Whitpain Tavern in Montgomery County.
Each robbery was committed in a similar fashion, with both men together approaching an employee of the particular establishment who happened to be outside on break, discarding trash, or attending to other duties in the early hours of the morning. Appellant wielded a revolver, and Garcia brandished a BB-gun. The men attempted to obscure their faces by wearing bandanas or ski masks. Appellant and Garcia led the employee into the building where Appellant would collect money from cash registers and office safes, while Garcia kept watch of the door or the people inside the establishment. The men also took money, cellular phones, and other personal items from the employees and patrons of the various restaurants.
Appellant was eventually apprehended and charged with a number of offenses at two separate bills in connection with the armed robberies. The cases were later consolidated, and the matter proceeded to a jury trial. Following trial, the jury convicted Appellant of three counts of robbery, three counts of conspiracy to commit robbery, and three counts of firearms not to be carried without a license.[2]
Prior to sentencing, the Commonwealth notified Appellant of its intent to seek mandatory sentences under Pennsylvania's recidivist sentencing statute based upon the fact that Appellant had previously been convicted of third-degree murder. The trial court then held a sentencing hearing, at which the parties agreed that Appellant was subject to the second-strike offender portion of section 9714 based upon his prior third-degree murder conviction. As both robbery and conspiracy to commit robbery constitute crimes of violence under subsection 9714(g), the trial court imposed six second-strike mandatory minimum sentences of 10 to 20 years of incarceration for each of Appellant's three convictions for robbery and three convictions for conspiracy to commit robbery.[3] All sentences were set to run consecutively, resulting in an aggregate sentence of 60 to 120 years of imprisonment. Appellant filed a post-sentence motion, which the trial court denied.
Appellant then appealed his judgment of sentence to the Superior Court challenging, inter alia , the trial court's imposition of separate consecutive second-strike sentencing enhancements for each of his robbery and conspiracy convictions. In a published opinion, the Superior Court affirmed Appellant's judgment of sentence. Commonwealth v. Griffin , 149 A.3d 349 (Pa. Super. 2016). In rejecting Appellant's challenge to the trial court's application of the recidivist sentencing enhancement, the Superior Court relied upon Commonwealth v. Fields , 630 Pa. 625, 107 A.3d 738 (2014), where this Court held that, under subsection 9714(a)(1), a second-strike offender is to receive a mandatory minimum sentence "for each conviction of a crime of violence that is part of the second strike." Fields , 107 A.3d at 744. Although Appellant argued that Fields did not apply to the facts *830 herein, where separate second-strike sentencing enhancements were imposed for both the conspiracy and the object of the conspiracy, the Superior Court observed that Appellant offered no authority for that assertion.
Appellant further asserted that subsection 9714(g) defines a crime of violence as substantive offenses like robbery "or" inchoate crimes like conspiracy, and that subsection 9714(g)'s use of the word "or" in listing the crimes of violence is indicative of the Legislature's intent that the sentencing enhancement apply to either the principal offense or the conspiracy to commit that offense, but not both. The Superior Court, however, explained that subsection 9714(g) simply lists the subset of crimes subject to the provisions of the recidivist sentencing statute and employs the word "or" throughout the subsection to show that there are numerous offenses that constitute crimes of violence and therefore trigger the sentencing enhancement.
The court further reasoned that subsection 9714(g) does not contain any language describing when or how the sentencing enhancement should be applied, and that this information was instead set forth in subsection 9714(a)(1). It thus rejected Appellant's claim that subsection 9714(g)'s use of the word "or" before its list of inchoate crimes prevents simultaneous application of the sentencing enhancement for the principal offenses, perceiving "no basis for adopting such a tortured interpretation." Griffin , 149 A.3d at 353. The Superior Court therefore held that, consistent with Fields , the trial court did not err in imposing multiple mandatory minimum sentences for Appellant's robbery and conspiracy convictions.
We granted review in this matter to decide "[w]hether the Superior Court erred in affirming the imposition of separate consecutive 'second strike' mandatory minimum sentence[s] for each conspiracy and crime which was the object of that conspiracy." Commonwealth v. Griffin , 643 Pa. 681, 174 A.3d 565 (2017) (per curiam ). Our resolution of this issue requires us to interpret section 9714 of the Sentencing Code, which presents the Court with a question of law. As such, our standard of review is de novo , and our scope of review is plenary. Commonwealth v. McClintic , 589 Pa. 465, 909 A.2d 1241, 1245 (2006).
In deciding issues of statutory interpretation, we are guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501 - 1991, which directs us to ascertain and effectuate the intent of the General Assembly. Id. § 1921(a). Generally, the plain language of the statute itself provides the clearest indication of legislative intent. McClintic , 909 A.2d at 1245. "In reading the plain language, '[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage,' while any words or phrases that have acquired a 'peculiar and appropriate meaning' must be construed according to that meaning." Id. (quoting 1 Pa.C.S. § 1903(a) ). Further, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). We also note that, in ascertaining legislative intent, we presume that the legislature does not intend a result that is "absurd, impossible of execution or unreasonable," and that the legislature "intends the entire statute to be effective and certain." Id. § 1922(1)-(2). Finally, while penal statutes are to be construed against the government, "the straightforward meaning of such provisions should be adhered to absent an ambiguity." Fields , 107 A.3d at 743.
*831 The second-strike provision of Pennsylvania's recidivist sentencing statute provides, in relevant part:
Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.
42 Pa.C.S. § 9714(a)(1). As noted previously, subsection 9714(g) provides the definition of a crime of violence as used in subsection 9714(a)(1):
(g) Definition.-- As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa.C.S. § 2507(c) or (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa.C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child as defined in 18 Pa.C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa.C.S. § 2702.1 (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa.C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa.C.S. § 2717(b)(2) (relating to terrorism), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa.C.S. § 3002 (relating to trafficking of persons), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons or aggravated arson as defined in 18 Pa.C.S. § 3301(a) or (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa.C.S. § 3311(b)(3) (relating to ecoterrorism), kidnapping, burglary as defined in 18 Pa.C.S. § 3502(a)(1) (relating to burglary), robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa.C.S. § 2506(a) (relating to drug delivery resulting in death), or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.
Id. § 9714(g).
In their briefs to this Court, the parties focus their arguments on whether the Legislature used the word "or" to separate the substantive offenses from the inchoate offenses listed in subsection 9714(g) as an "inclusive" or "exclusive" disjunction.[4] Appellant takes the position *832 that the Legislature used the disputed "or" as an exclusive disjunction.[5] In support of his position, Appellant argues that the word "or" is an exclusive disjunction according to its common and ordinary usage, including when used in penal statutes. Appellant's Brief at 11-12 (relying upon, inter alia , In re Paulmier , 594 Pa. 433, 937 A.2d 364, 373 (2007) (explaining that "or" is "disjunctive," meaning "one or the other of two or more alternatives").
Appellant further argues that subsection 9714(g) is separated into four categories: (1) enumerated substantive offenses; (2) inchoate offenses as they relate to the commission of murder or any of the enumerated substantive offenses; (3) equivalent crimes under the law of Pennsylvania in effect at the time of the offense; and (4) equivalent crimes in another jurisdiction. Appellant contends that the enumerated substantive offenses listed first in subsection 9714(g) are categorized together because they are all crimes of violence in and of themselves. Appellant asserts that the latter three categories of offenses, consisting of inchoate offenses and so-called "equivalent offenses," are distinct from the first category of enumerated substantive offenses, but are similar to each other in that they (1) are deemed to be crimes of violence only by virtue of their relationship to the enumerated substantive offenses in the first category, and (2) trigger application of the sentencing enhancement even in the absence of a conviction on an enumerated substantive offense.
Emphasizing the above similarities and the ordinary use of the word "or" as an exclusive disjunction, Appellant claims that the Legislature's use of the word "or" to separate the first category from the latter three categories signals its intent to offer alternative means to invoke the mandatory minimum sentence, only one of which can be relied upon to do so.[6] Thus, according to Appellant, he can only receive the sentencing enhancement on each of his three robbery convictions or each of his three convictions for conspiracy to commit those same robberies, not all six convictions.[7]
The Commonwealth counters that the word "or" is most often used as an inclusive disjunction. Commonwealth's Brief at 15-16 (quoting Burke v. State , 352 Or. 428, 290 P.3d 790, 794 (2012) (explaining that "it has been asserted that, in legal drafting, it is more often the case that the connective 'or' is used in the inclusive sense") ). The Commonwealth argues that *833 the General Assembly "unquestionably used 'or' as an inclusive disjunction many times throughout the definition of 'crime of violence,' " and that the "plain text shows that 'or' was consistently used to expand," not contract, the category of crimes that meet the definition. Id. at 16-17. The Commonwealth asserts that Appellant's unstated premise is that the General Assembly meant to use "or" inclusively in some instances, but exclusively in others throughout subsection 9714(g), and the Commonwealth argues that, as the Superior Court explained, "[o]ur courts do not dissect statutory text and interpret it in a vacuum." Id. at 17-18 (quoting Griffin , 149 A.3d at 353 ).
While the parties focus their arguments on subsection 9714(g), we begin our analysis of the issue raised with a review of subsection 9714(a)(1), which, as noted by the Superior Court, indicates the manner in which the sentencing enhancement should apply to a second-strike offender. Subsection 9714(a)(1) provides that anyone who is convicted of a crime of violence shall receive a mandatory minimum sentence if, at the time of the commission of his current offense, the person had been previously convicted of a crime of violence. 42 Pa.C.S. § 9714(a)(1).
In Fields , supra , this Court addressed whether subsection 9714(a)(1) requires that a second-strike offender receive a mandatory minimum sentence for each conviction of a crime of violence that is part of his second strike. This Court answered that question in the affirmative, explaining that a straightforward reading of the second-strike provision requires the imposition of the sentencing enhancement so long as a defendant previously committed a crime of violence and his current offense is a crime of violence. Fields , 107 A.3d at 743-44. Thus, pursuant to Fields , where a defendant is convicted of multiple current offenses as part of his second strike, a court should look to each offense and determine whether it constitutes a crime of violence under subsection 9714(g). Here, because both of Appellant's current offenses of robbery and conspiracy to commit robbery are defined as crimes of violence under subsection 9714(g), he is to receive a mandatory minimum sentence for each offense pursuant to subsection 9714(a)(1) and Fields .
As noted previously, in an attempt to avoid this result, Appellant takes the position that, by separating the enumerated substantive offenses and inchoate offenses with the alleged exclusive disjunction "or," subsection 9714(g) precludes the imposition of multiple mandatory minimum sentences for the commission of a substantive crime of violence and an inchoate crime of violence for which the same substantive crime of violence serves as the underlying offense. In response, the Commonwealth argues that the disputed "or" is inclusive in nature. In presenting these arguments, however, the parties conflate subsection 9714(g), which simply lists the offenses that constitute crimes of violence for purposes of applying the sentencing enhancement to second-strike offenders, with subsection 9714(a)(1), the provision governing the actual application of the enhancement to second-strike offenders.[8] We are unpersuaded *834 that the Legislature intended for subsection 9714(g), a definitional provision, to impact the actual application of the sentencing scheme to repeat offenders in the manner argued before us, particularly on the sole basis that the disputed "or" as used in subsection 9714(g) is either exclusive or inclusive. Thus, we reject the parties' arguments to that effect.
In sum, subsection 9714(a)(1) is the provision that governs the application of the recidivist sentencing enhancement to a second-strike offender. Under that provision, as interpreted by Fields , a second-strike offender is to receive a sentencing enhancement for each crime of violence that is part of his second strike. Here, Appellant is a second-strike offender whose second strike includes three convictions for robbery and three convictions for conspiracy to commit those same robberies. Robbery and conspiracy to commit robbery are crimes of violence as defined in subsection 9714(g). Because all six of Appellant's robbery and conspiracy convictions constitute crimes of violence, both the trial court and Superior Court correctly determined that Appellant, as a second-strike offender, is to receive a sentencing enhancement for each conviction. Accordingly, we affirm the Superior Court's judgment.
Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.
Justice Wecht files a concurring opinion.
Chief Justice Saylor files a dissenting opinion.

The second-strike provision of Pennsylvania's recidivist sentencing statute is located at 42 Pa.C.S. § 9714(a)(1) and is set forth more fully infra at pages 830-31. It provides, in pertinent part, that "[a]ny person who is convicted ... of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement." Id. As discussed in more detail below, subsection 9714(g), which is set forth in full infra at page 831, lists the various crimes which constitute crimes of violence for purposes of applying the sentencing enhancement. Most relevant to this appeal, the list in subsection 9714(g) includes "robbery ... or ... criminal conspiracy" to commit robbery. Id. § 9714(g).

The trial court also convicted Appellant of three distinct counts of persons not to possess a firearm via bench trial.

Appellant received no further penalty for the remaining convictions.

By way of further explanation on the inclusive or exclusive nature of the word "or," we offer the following:
The word "or" can be construed as exclusive or inclusive, leading to confusion about which variant of "or" applies in a given context. Legal sources differ on which meaning of "or" is authoritative. In the realm of symbolic logic, the exclusive "or," otherwise known as the exclusive disjunction, means that only one of the propositions or terms joined by the disjunction can be true. "Jim is eight or nine years old" is exemplary of an exclusive disjunction because only one proposition in the disjunction can be true. On the other hand, an inclusive disjunction assumes that either one or both of the terms or propositions on either side of the disjunction are true. A sentence like, "X will call or email Y," does not necessarily denote an exclusive disjunction, but rather, it leaves open the possibility that X could call and email Y. Essentially, an inclusive disjunction allows the possibility of either option, or both, which is also the literal meaning of and/or . The difficulty with competing versions of a disjunction is that when used in plain English, a reader must dissect what type of disjunction it is, leaving more room for confusion.
Ira P. Robbins, "And/or" and the Proper Use of Legal Language , 77 Md. L. Rev. 311, 318-19 (2018) (footnotes omitted).

The Defender Association of Philadelphia has filed an amicus curiae brief on behalf of Appellant, where it advances various arguments in support of the position that the "or" separating the substantive offenses from the inchoate offenses listed in subsection 9714(g) is exclusive in nature.

"In other words, [the latter three categories] are offered as alternatives for cases in which a defendant's conduct does not result in the conviction of an enumerated offense, but is so similar to [an enumerated] offense that the [L]egislature set forth an alternative means of triggering the mandatory minimum." Appellant's Brief at 14-15.

Appellant also argues that, to the extent the Legislature's intent cannot be attained with sufficient certainty, any ambiguity should be interpreted in his favor. Appellant's Brief at 15.

While not at issue in this case, subsection 9714(a)(2) governs application of the recidivist sentencing scheme to third-strike offenders. That subsection provides, in relevant part:
Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.
42 Pa.C.S. § 9714(a)(2). Based upon subsection 9714(a)(2)'s inclusion of the restrictive phrase "such crimes of violence arising from separate criminal transactions," which does not appear in subsection 9714(a)(1) relating to second-strike offenders, this Court held that a third-strike offender who has committed multiple crimes of violence during a single criminal episode is subject to only one 25-year sentencing enhancement pursuant to subsection 9714(a)(2). McClintic , 909 A.2d at 1242.
Thus, just as application of the recidivist sentencing scheme to a second-strike offender is governed by subsection 9714(a)(1) as interpreted by Fields , application of the recidivist sentencing scheme to a third-strike offender is governed by subsection 9714(a)(2) as interpreted by McClintic .