# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Wade, : 
          Petitioner :
 : 
     v. :
 :
Pennsylvania Parole Board, : No. 445 C.D. 2024
          Respondent : Submitted: July 7, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: September 18, 2025

       Jesse Wade (Wade) petitions this Court for review of the Pennsylvania Parole Board's (Board) decision mailed March 20, 2024, denying his request for administrative relief. Wade is represented in this matter by Elk County Public Defender Gary A. Knaresboro, Esquire (Counsel), who has filed a Petition for Leave to Withdraw as Counsel (Petition) and an *Anders* brief[1] in support thereof. After review, this Court grants Counsel's Petition and affirms the Board's decision.

       Wade is an inmate at the State Correctional Institution at Forest.[2] On October 22, 2020, the Board paroled Wade from his 10- to 20-year sentence for Robbery and Attempting to Elude Police (Original Sentence). *See* Certified Record

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967) ("[A] brief referring to anything in the record that might arguably support the appeal" is to be filed in the Court "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it[.]").

[2] *See* https://inmatelocator.cor.pa.gov/#/Result (last visited Sept. 17, 2025).

(C.R.) at 1, 11, 29. Wade's Original Sentence maximum release date was September 14, 2028. *See id*.

On September 19, 2022, the Philadelphia police arrested Wade and charged him with Robbery - Inflict Serious Bodily Injury, Possessing an Instrument of a Crime, Theft Unlawful Taking, Simple Assault, and Reckless Endangerment following an armed robbery at a grocery store. *See* C.R. at 21, 29. On April 10, 2023, Wade pled guilty to the Robbery - Inflict Serious Bodily Injury charge[3] (New Conviction) and the Philadelphia County Common Pleas Court sentenced Wade to two to six years of incarceration. On July 17, 2023, a Hearing Examiner held a revocation hearing and, on July 18, 2023, the Board voted to revoke Wade's parole.

By decision recorded on August 4, 2023 (mailed August 10, 2023), the Board recommitted Wade as a convicted parole violator (CPV) to serve a 30-month recommitment period (August 4 Decision). *See* C.R. at 69-70. The August 4 Decision further stated that Wade "has committed an enumerated violent offense under [Section 9714(g) of the Judicial Code,] 42 Pa.C.S. § 9714([g])[,] that prohibits awarding credit for time at liberty on parole." C.R. at 69. Accordingly, the Board recalculated Wade's Original Sentence maximum release date to June 10, 2031. *See* C.R. at 4, 69.

On September 7, 2023, the Board received Wade's *pro se* Request for Administrative Remedy, wherein he asserted:

> I was represented by [Forest County Public Defender] Robert D. Kinnear, Esquire [(Attorney Kinnear)] for my [p]arole [v]iolation [h]earing on July 1[7], 2023. [Attorney] Kinnear did not inform [the hearing examiner of] any of the information that I asked him to, and I also didn't get a chance to speak on my own behalf. [Attorney] Kinnear also never informed me of the sanction I would

---

[3] As part of Wade's negotiated guilty plea, the other charges were *nolle prossed*. *See* C.R. at 33.

get or was looking at. Also, my 23 months of street parole time was revoked, but more than 23 months was added on the back end.

C.R. at 74. On September 13, 2023, the Board received another Request for Administrative Remedy filed by Wade's then-counsel, Victoria Hermann, Esquire (Attorney Hermann),[4] wherein Attorney Hermann described: "[Wade] contends his offense was not violent in nature--was not an assault or have a weapon [sic] and therefore, should not be recognized as violent. [Wade] also contends he did not have an opportunity to speak at his hearing." C.R. at 76.

By order mailed March 20, 2024, the Board denied Wade's Request for Administrative Remedy and affirmed its August 4 Decision. Wade appealed to this Court.[5] By August 7, 2024 letter (Letter), Counsel informed Wade:

> After complete review of all documents and our face-to-face interview, I have concluded that the claims raised are frivolous. You may proceed with other counsel or *pro se*. You also have the right to submit argument or comments. All reasons as to why the appeal is frivolous are contained in my brief.

*Anders* Br., App. A (italics added).

This Court has explained:

> In a case where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a petitioner in an appeal of a determination of the Board should file an *Anders* brief. This arises where the petitioner raises a[]

---

[4] Attorney Hermann also worked for the Forest County Public Defender's Office. On April 25, 2024, this Court granted the Forest County Public Defender's Petition to Withdraw as Counsel and appointed the Elk County Public Defender to represent Petitioner in the instant action.

[5] This Court's "review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 206 A.3d 88, 91 n.3 (Pa. Cmwlth. 2019) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Gagnon* [*v. Scarpelli*], 411 U.S. [778,] 790 [(1973)]. Such claims would only arise in appeals from determinations revoking parole. In an appeal from a revocation decision, this Court will apply the test from *Gagnon*, quoted above, and, unless that test is met, we will only *require* a no-merit letter.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009).

The Pennsylvania Superior Court has expounded:

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of th[e] Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, . . . 978 A.2d 349 ([Pa.] 2009), our Supreme Court addressed the second requirement of *Anders*, [i.e.], the contents of an *Anders* brief, and required that the brief

4

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then th[e] Court's responsibility "to conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

*Commonwealth v. Cox*, 231 A.3d 1011, 1014-15 (Pa. Super. 2020).

Here, with the Letter, Counsel served the Petition and the *Anders* brief, therein notifying Wade of Counsel's intention to seek permission to withdraw, and advising Wade of his rights to file additional claims and to proceed *pro se* or with alternate counsel. *See* Letter. In the Petition, Counsel indicates that he examined the evidence and determined that an appeal would be frivolous and without merit. *See* Petition at 1. In the *Anders* brief, Counsel summarized the procedural history and facts, identified the documents he reviewed, described the nature and extent of his review, and cited controlling case law and statutes to support his conclusion that Wade's challenge was meritless. *See Anders* Br. at 7-9. Accordingly, Counsel complied with the procedural requirements for withdrawing from representation.[6]

---

[6] Where counsel files an *Anders* brief when a no-merit letter would have sufficed, this Court will accept an *Anders* brief in lieu of a no-merit letter if the *Anders* brief complies with the substantive requirements of a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996

Wade asserts that Attorney Kinnear was ineffective[7] and that his conviction involved a nonviolent crime. Wade also complains that he was not permitted to speak at the revocation hearing.

This Court has explained:

> Pursuant to *LaCourt* [*v. Pennsylvania Board of Probation & Parole*, . . . 488 A.2d 70 (Pa. Cmwlth. 1985)], a parolee must prove: (1) his counsel made errors so serious he was not acting as "counsel" guaranteed by law; and (2) his counsel's deficient performance was so serious there is a reasonable probability that, but for counsel's errors, the result of the revocation proceeding would have been different.

*Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1124-25 (Pa. Cmwlth. 2005). Accordingly, to demonstrate an ineffective assistance claim, Wade must prove both that Attorney Kinnear made such serious errors that he was not acting as counsel guaranteed by law, and Attorney Kinnear's deficient performance was so lacking that it is reasonably probable that the outcome would have been different absent Attorney Kinnear's errors.

At the July 17, 2023 revocation hearing, following Parole Agent Mark Barner's testimony describing Wade's New Conviction, the following exchange occurred:

---

A.2d 40 (Pa. Cmwlth. 2010). A no-merit letter must detail the nature and extent of counsel's review, list each of the parolee's issues, and explain why each issue is meritless. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *see also Zerby v. Shanon*, 964 A.2d 956 (Pa. Cmwlth. 2009). Counsel must supply the parolee with a copy of the no-merit letter, notify the parolee of counsel's intention to withdraw, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *See Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28 (Pa. Cmwlth. 2006). Because Counsel's *Anders* brief satisfied the substantive requirements of a no-merit letter, this Court accepts it in lieu of a no-merit letter. *See Seilhamer*.

[7] In his *Anders* Brief, Counsel describes that Wade was dissatisfied with his representation because Attorney Kinnear did not explain at the hearing that Wade became addicted to Fentanyl as a result of smoking marijuana that had, unbeknownst to Wade, been tainted with Fentanyl.

> HEARING EXAMINER: Now is your client's opportunity to speak.
>
> [ATTORNEY KINNEAR]: Yeah. My client would like you to take into account that he was caring for --- he was working full time at a recycling --- further, this stem [sic] from a [F]entanyl addiction that started through marijuana that was an addiction, he hasn't had treatment for that underlying addiction, and he's looking forward to that. That's all we have.

C.R. at 53. Attorney Kinnear conveyed Wade's position to the Board, but did not communicate Wade's assertion that he inadvertently became addicted to Fentanyl through tainted marijuana. Such is not a legal defense to recommitment, and Attorney Kinnear's omission does not constitute an error so serious as to negate Attorney Kinnear's actions "as 'counsel' guaranteed by law." *Adams*, 885 A.2d at 1125. At no point during the hearing did Wade take any action to inform the Hearing Examiner that he wished to speak.[8] *See* C.R. at 47-55. A review of the record evidence does not demonstrate such serious errors so that Attorney Kinnear was "not acting as [the] 'counsel'" Wade was "guaranteed by law."[9] *Adams*, 885 A.2d at 1125.

---

[8] The Certified Record contains the Board's form titled "Inmate Rights at Parole Hearings," which Wade signed on June 30, 2023, and which informed Wade in relevant part:

> At all Board hearings, [i]nmates have the right to disclosure of evidence in support of the violations charged against them. Inmates have the right to speak, have voluntary witnesses appear on their behalf and present affidavits and other evidence. Inmates have the right to cross-examine adverse witnesses. Inmates have the right to be represented by counsel. If you cannot afford counsel and want to be represented by counsel, you should submit an application to the Public Defender at the address listed in the notice of charges for the hearing. There is no penalty for requesting counsel.

C.R. at 18.

[9] With respect to Wade's contention that he was prejudiced because he was denied the right to speak at the hearing, this Court has explained that "[t]he revocation hearing is where the parolee,

7

Even if Wade could demonstrate the requisite serious errors, Wade must also prove that, absent Attorney Kinnear's alleged errors, there is a reasonable probability that the outcome would have been different. Section 6138(a)(1) of the Prisons and Parole Code provides that if a parolee "commits a crime punishable by imprisonment . . . to which the offender pleads guilty" during the period of parole, the Board may, in its discretion, revoke the offender's parole. 61 Pa.C.S. § 6138(a)(1). Given Wade's New Conviction, it was within the Board's discretion to recommit him to continue serving his Original Sentence. To the extent that Wade argues that Attorney Kinnear's alleged deficient performance resulted in his recommitment, Wade would need to demonstrate that there is a reasonable **probability** that the Board would not have recommitted him, despite his New Conviction, or that the Board would have awarded him credit for time spent at liberty on parole. Nothing in the record evidence leads this Court to that conclusion.

Importantly, "[t]he [B]oard may, in its discretion, award credit to a parolee . . . for the time spent at liberty on parole, **unless** . . . [t]he crime committed during the period of parole or while delinquent on parole is a **crime of violence** . . . ." 61 Pa.C.S. § 6138(a)(2.1)(i) (emphasis added). Section 9714(g) of the Judicial Code defines the term *crime of violence* to include "**robbery** as defined in [Section 3701(a)(1)(i), (ii) or (iii) of the Crimes Code,] 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (**relating to robbery**)[.]" 42 Pa.C.S. § 9714(g) (emphasis added); *see also Commonwealth v. Griffin*, 207 A.3d 827, 833 (Pa. 2019) (both "robbery and

**through provided counsel** if the parolee is unable to afford private counsel, **has** '[t]he right to speak**, to have voluntary witnesses appear and to present documentary evidence.' 37 Pa. Code § 71.4(2)(iv)." *Smith v. Pa. Parole Bd.* (Pa. Cmwlth. No. 1079 C.D. 2021, filed Sept. 21, 2022), slip op. at 6-7 (emphasis added). Wade was not denied the right to speak at the revocation hearing, as Attorney Kinnear did so on Wade's behalf.

This Court's unreported memorandum opinions filed after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Smith* is cited for its persuasive value.

conspiracy to commit robbery are defined as crimes of violence under [S]ection 9714(g) [of the Judicial Code]"). Because Wade's New Conviction involved a crime of violence, the Board **could not award him credit** for time he spent at liberty on parole, and once Wade's conviction had been established, Attorney Kinnear's performance could not have impacted the Board's August 4 Decision in that regard.

Wade also asserts that his "23 months of street parole time was revoked, but more than 23 months was added on the back end." C.R. at 74. The Board's August 4, 2023 Order to Recommit reflects that the Board paroled Wade on October 22, 2020, with a maximum sentence release date of September 14, 2028, which means Wade had 2,884 days remaining on his Original Sentence. *See* C.R. at 67. When the Board recommitted Wade as a CPV, Section 9714(g) of the Judicial Code prohibited the Board from awarding Wade credit for time he spent at liberty on parole. Thus, on July 18, 2023, when the Board revoked Wade's parole due to his New Conviction, he still had 2,884 days remaining on his Original Sentence. Adding 2,884 days to July 18, 2023, results in a maximum sentence release date of June 10, 2031, as the Board ordered. *See* C.R. at 4. Accordingly, the Board properly calculated Wade's Original Sentence maximum release date.

Because this Court agrees that Wade's claim has no merit, Counsel's Petition is granted, and the Board's decision is affirmed.

 

 

_____
ANNE E. COVEY, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jesse Wade, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Parole Board, | : | No. 445 C.D. 2024 |
| Respondent | : | |

## O R D E R

AND NOW, this 18th day of September, 2025, Gary A. Knaresboro, Esquire's Petition for Leave to Withdraw as Counsel is GRANTED, and the Pennsylvania Parole Board's March 20, 2024 decision is AFFIRMED.

The Prothonotary is directed to serve a copy of this Opinion and Order on Petitioner Jesse Wade.

_____

ANNE E. COVEY, Judge