**[J-55A-2025 and J-55B-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 5 MAP 2025 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 240 MDA |
| | : | 2023, entered on August 7, 2024, |
| v. | : | Affirming the PCRA Order of the |
| | : | Lackawanna County Court of |
| | : | Common Pleas, Criminal Division, at |
| ANDREW MICHAEL PHILLIPS JR., | : | No. CP-35-CR-0001186-2018, |
| | : | entered on January 19, 2023 |
| Appellant | : | |
| | : | SUBMITTED: May 20, 2025 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 6 MAP 2025 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 242 MDA |
| | : | 2023, entered on August 7, 2024, |
| v. | : | Affirming the PCRA Order of the |
| | : | Lackawanna County Court of |
| | : | Common Pleas, Criminal Division, at |
| ANDREW MICHAEL PHILLIPS JR., | : | No. CP-35-CR-0001484-2015, |
| | : | entered on February 17, 2023 |
| Appellant | : | |
| | : | SUBMITTED: May 20, 2025 |

**OPINION**

**JUSTICE MUNDY**                                     **DECIDED: October 1, 2025**

This is an appeal by allowance from the Superior Court's order affirming the order granting in part and denying in part relief pursuant to the Post Conviction Relief Act ("PCRA").[1] For the reasons that follow, we reverse.

---

[1] 42 Pa.C.S. §§ 9541-9546.

On September 30, 2015, Andrew Michael Phillips, Jr. ("Appellant") entered a guilty plea at docket number CP-35-CR-0001484-2015 (hereinafter, "2015 case") to driving under the influence of alcohol or a controlled substance ("DUI") and resisting arrest.[2] He was subsequently sentenced by a Lackawanna County Court of Common Pleas judge to three to six months incarceration for DUI, followed by two years of probation for resisting arrest. No direct appeal was filed.

Several months later, the Lackawanna County Probation Department filed a violation petition against Appellant after he failed to report. On September 22, 2016, the trial court resentenced Appellant to three to six months of imprisonment, again followed by two years of probation.

In mid-May 2018, while still serving his probationary term in the 2015 case, Appellant was arrested and charged at docket number CP-35-CR-0001186-2018 with, *inter alia*, aggravated assault ("2018 case").[3] Shortly thereafter, on or about May 19, 2018, Appellant's mother posted bail. However, due to Appellant's probationary status in the 2015 case, a detainer was placed on him, and he was not released. In November 2018, while still incarcerated, Appellant pled guilty to the aforementioned crime in the 2018 case.

While awaiting sentencing in the 2018 case, Appellant filed a motion to lift the probation detainer and revoke bail, *see* Motion, 1/17/19, which the trial court granted that

---

[2] *See* 75 Pa.C.S. § 3802(b); 18 Pa.C.S. § 5104.

[3] *See* 18 Pa.C.S. § 2702(a)(4). According to the affidavit of probable cause, these charges stemmed from an incident where Appellant threw his wife "to the ground, stood over her, knelt on the ground[,] and started punching her repeatedly with a closed fist." Affidavit of Probable Cause, 5/17/18.

same day.[4]  *See* Order, 1/17/19.  Several months later, on September 10, 2019, the trial court sentenced Appellant to 27 to 72 months of incarceration for aggravated assault. Pertinently, the court did not award Appellant credit for any pre-sentence confinement.

On the same day as sentencing in the 2018 case, the court revoked Appellant's probation in the 2015 case and re-sentenced him to a consecutive two-year period of probation on the resisting arrest conviction.  Ordering no further penalty for Appellant's violation, the court, unlike in the two prior sentencings in the 2015 case, did not impose an additional term of incarceration.  Appellant, opting not to file a direct appeal in the 2015 case, sought relief by filing *pro se* a timely PCRA petition wherein he insisted that, pursuant to 42 Pa.C.S. § 9760,[5] he was entitled to, but failed to receive, credit for time he served prior to sentencing.  Counsel was appointed, who subsequently filed a "no-merit" letter and motion to withdraw.[6]  In this letter, counsel explained, in relevant part, that the petition was without merit as Appellant was not "entitled to any credit for time-served at this time."  Letter, 12/28/20, at 3.  Eventually, the PCRA court granted counsel's motion to withdraw and later, dismissed Appellant's petition.  *See* Order, 2/17/23

---

[4] Per his motion, Appellant sought relief due to his concern that the detainer would affect his ability to receive credit for time spent incarcerated.  *See* Motion, docketed 1/28/19, at ¶ 9.

[5] *See* 42 Pa.C.S. § 9760(1) (providing that "[c]redit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based, [and c]redit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal").  As detailed *infra*, the present matter primarily involves the 2018 case, as Appellant conceded below that because he was not re-sentenced to a period of incarceration in the 2015 case, he was eligible only for credit towards the 27 to 72 months of incarceration imposed in the 2018 case.

[6] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Concurrently, Appellant filed a direct appeal in his 2018 case, challenging the discretionary aspects of his sentence. In 2020, the Superior Court affirmed Appellant's judgment of sentence, *see Commonwealth v. Phillips*, 245 A.3d 1035 (Pa. Super. 2020) (unpublished memorandum) (finding Appellant's sentencing challenges waived for, *inter alia*, failure to raise them at sentencing or in a post-sentence motion), and the following year, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who, in 2022, filed an amended petition. In this petition, Appellant requested time served be applied to the sentence imposed in the 2018 case, insisting that he "was entitled to receive credit for 481 days[.]"[7] Amended Petition, 4/28/22, at ¶ 13.

Via an order filed on January 19, 2023, the PCRA court granted in part and denied in part Appellant's requested relief. Specifically, the court found that Appellant was entitled only to time credit[8] in his 2018 case for the 237 days he spent incarcerated from January 17, 2019 (the day the detainer was lifted), to September 10, 2019 (the day sentence was imposed in the 2018 case). *See* Order, 1/19/23. Further elaborating, the PCRA court explained that Appellant was not entitled to the remaining time requested, *i.e.*, "his time spent incarcerated between May 19, 2018 [(when bail was posted in the 2018 case)], and January 17, 2019 [(the day the detainer was lifted)], as that time relate[d] to [the] sentence [in the 2015 case] wherein no sentence of incarceration was imposed." *Id.* at n.1. (citing Section 9760). Appellant appealed both PCRA court orders, which resulted in the consolidation of the 2015 and 2018 cases. *See* Order 2/17/23.

---

[7] This timeframe represents the period between when Appellant was arrested in the 2018 case and when he was sentenced in both the 2015 and 2018 cases.

[8] "The principle underlying th[e time-credit] statute is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." *Commonwealth v. Devine*, 326 A.3d 935, 940 (Pa. Super. 2024).

On appeal, Appellant asserted, in relevant part, that the PCRA court's failure to credit all time "he spent in custody prior to sentencing constitute[d] an illegal sentence[.]" Appellate Brief at 3. More specifically, Appellant, while acknowledging that time credit could not be applied to the probationary sentence he received in the 2015 case, *see id.* at 13 n.2, insisted that he was entitled to all credit requested towards his 2018 case because, per Section 9760(1), "when the same conduct gives rise to both new charges and a probation violation, 'all time spent in custody' must be credited." *Id.* at 14. *See also id.* at 15 (explaining that because the assault he committed was "the conduct upon which both the new charges and the probation violation were based," and because "[t]ime served credit cannot be applied to a probation sentence[,]" all the time he spent in custody must be credited to his 2018 case).[9]

In an unpublished memorandum authored by Judge Megan McCarthy King, a unanimous three-judge panel of the Superior Court affirmed. *Commonwealth v. Phillips*, 326 A.3d 419 (Pa. Super. 2024) (unpublished memorandum). To begin, the court summarized the relevant law and observed, among other things, that a "challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves

---

[9] In its opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court emphasized that a defendant is only entitled to credit for all time spent in custody "for which a prison sentence is imposed." Opinion, 6/13/23, at 5 (quoting Section 9760(1)). The court continued:

> In the instant matter, on September 10, 2019, Appellant received a sentence of [27-72] months['] incarceration, related to [the 2018 case]. On that same date, related to [the 2015 case, Appellant's] previous [2] year probation was revoked and he received a sentence[] of [2] years['] probation to be served consecutive to the sentence related to [the 2018 case].
>
> Appellant received credit related to the [2018 case] … for the time spanning from January 17, 2019, to September 10, 2019. However, since Appellant received a sentence of probation, rather than incarceration, related to the [2015 case], he is not entitled to credit for time spent incarcerated related to that case.

*Id.* (internal citations omitted).

the legality of sentence and is cognizable under the PCRA." *Id.* at *3 (quoting *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007)). *See also id.* (acknowledging Section 9760(1), *supra*, and explaining that a prior panel had held that credit, which must be given for any days spent in custody prior to the imposition of sentence for which incarceration is imposed, is not given "for a commitment by reason of a separate and distinct offense" (quoting *Commonwealth v. Richards*, 150 A.3d 504, 520-21 (Pa. Super. 2016)).

The panel then discussed this Court's decision in *Gaito v. Pennsylvania Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) ("[I]f a defendant is being held in custody solely because of a detainer lodged by [the Pennsylvania Board of Probation and Parole ("Board")] and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence" (footnote omitted)), and its application in *Martin v. Pennsylvania Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003). As succinctly summarized by the court:

> In *Martin*, the Court considered whether the appellant, who was arrested and held on both new charges and a parole detainer, was entitled to credit for time spent in confinement to be applied against the parole violation sentence where the time spent in custody had exceeded the sentence[] imposed for the new crimes. Specifically, the appellant in *Martin* was arrested and charged with DUI and had a parole detainer lodged against him, for violating parole in connection with an underlying robbery case. The appellant was unable to post-bail and remained incarcerated for more than thirteen months, after which he was sentenced to only 48 hours of imprisonment on the new DUI case. The *Martin* Court held that where an individual is held on both a probation detainer and pending criminal charges, the time spent in confinement must be credited to either the new sentence or the original sentence.

*Id. See also Martin*, 840 A.2d at 309 ("[W]e hold that, where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.").

Turning back to the instant matter, the court found that our decision in *Martin* did not control the outcome of this case.

> Instantly, during the 245 days in question, Appellant was not detained in relation to the new charges [in] the 2018 case. Significantly, Appellant's mother had posted bail in that matter. Thus, during the relevant time period, Appellant was incarcerated **solely** on the probation violation for the 2015 case. Consequently, the facts of this case are distinguishable from those in *Martin* and *Martin* is not dispositive of this issue. Unlike in *Martin*, Appellant was held in custody solely on the probation detainer during the challenged 245 days, so credit for that time spent in custody may only be applied to the sentence imposed on that violation. As Appellant acknowledges, however, the court could not apply credit for time served to the 2015 case because the court imposed only a probationary sentence in that case. *See* [Rule] 9760(1) (stating that credit for time served shall be given to [a] defendant for all time spent in custody as [a] result of [a] criminal charge **for which [a] prison sentence is imposed** or as [a] result of conduct on which such [a] charge is based).

*Phillips, supra*, at *3 (emphasis in original; some internal citations omitted). Accordingly, the panel held that the lower court did not impose an illegal sentence and thus, Appellant was not entitled to relief. *See also id.* at *4 (rejecting a second and similar claim raised by Appellant which the court viewed as an "attempt to convert his legality challenge into a discretionary sentence challenge as an alternate basis for relief"). Appellant filed a petition for allowance of appeal to this Court.

We granted Appellant's petition to consider

> [w]hether the lower court's January 19, 2023 order correcting a time served credit is illegal because it violates [Section] 9760(1)'s mandate that a defendant shall be given credit for "all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such charge is based[.]"

*Commonwealth v. Phillips,* 333 A.3d 302 (Pa. 2025) (*per curiam*). Viewed outside the confines of this case, this claim presents an issue of first impression with a far wider reach: whether a defendant, held on a probation detainer after he was arrested on new charges and posted bail, can have his pre-sentence time spent on the detainer credited to his new sentence.

"Under our standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." *Commonwealth v. Paddy*, 15 A.3d 431, 441-42 (Pa. 2011). *See also id.* at 442 (explaining that "this Court applies a *de novo* standard of review to the PCRA court's legal conclusions"). In this instance, to properly review the lower court's conclusions and resolve the aforementioned issue, we must consider the controlling statute and engage in the familiar task of statutory interpretation. "An issue of statutory interpretation presents a question of law for which our standard of review is *de novo* and our scope of review is plenary." [10] *Berner v. Montour Twp. Zoning Hearing Bd.,* 217 A.3d 238, 245 (Pa. 2019).

---

[10] As part of our review, we would be remiss to ignore the cases relied upon by the Superior Court. *See Gaito* and *Martin*. Briefly, in *Gaito*, we held that "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito*, 412 A.2d at 571. On the other hand, if a defendant "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.* As it was unclear from the record whether Gaito had satisfied the bail requirements on the new charges, the *Gaito* Court remanded the matter "solely for a determination of whether [he] satisfied the bail requirements on the new charges, and order any recomputation, if necessary[.]" *Id.*

Several decades later, we addressed the distribution of credit for time served in *Martin, supra*. Ultimately, the Court concluded that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *See Martin*, 840 A.2d at 309. *See also id.* ("Were [Martin] to serve the full term of his sentence, he would be (continued…)

"As in all matters of statutory interpretation, the Statutory Construction Act of 1972 [("Statutory Construction Act" or "the Act")], 1 Pa.C.S. §§ 1501-1991, guides our analysis." *Commonwealth v. Coleman*, 285 A.3d 599, 605 (Pa. 2022). The Act instructs that the legislature's intent is paramount, as the "object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "Generally, such intent is best expressed through the plain language of the statute." *Commonwealth v. Stotelmyer*, 110 A.3d 146, 149 (Pa. 2015) (citation and internal quotation marks omitted). *See also* 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions.").

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Stated differently, "[i]f the statute's plain language is unambiguous, we must apply it without employing familiar canons of construction and without considering legislative intent." *Dubose v. Quinlan*, 173 A.3d 634, 643 (Pa. 2017) (footnote omitted). "Only where the words of a statute are ambiguous will we resort to other considerations to discern legislative intent." *Commonwealth v. Kingston*, 143 A.3d 917, 922 (Pa. 2016) (citing, *inter*

---

imprisoned for one year, one month, and nineteen days in excess of that of an individual similarly situated who was able to post bail. Such a disparity can have no conceivable penological justification. There are two purposes for awarding pre-sentence credits: (1) eliminating the unequal treatment suffered by indigent defendants who, because of their inability to post bail, may serve a longer overall confinement for a given offense than their wealthier counterparts; and (2) equalizing the actual time served in custody by defendants convicted of the same offense. These purposes are not met when an indigent detainee is denied credit for serving time on both a Board detainer and new criminal charges solely because the detainee does not have the financial resources to satisfy bail requirements.").

While instructive, neither *Gaito* nor *Martin* tackle the precise issue presented in the case *sub judice*. In other words, the decisions in these cases do not address whether Section 9760(1) requires a defendant to receive credit for time served when the time spent in detention was solely due to a probation detainer in a case where the defendant subsequently received only a probationary sentence. Thus, we must proceed to analyzing the plain language of Section 9760(1).

*alia*, 1 Pa.C.S. § 1921(c)). *See also* 1 Pa.C.S. § 1928(b)(1) (providing that penal statutes must be strictly construed).

Here, Appellant's challenge, in large part, revolves around the meaning of the phrase "conduct on which such a charge is based" contained within Section 9760. Further, in light of prior concessions, at this juncture, we are concerned only with discerning if Appellant is entitled to credit towards his sentence in the 2018 case for the time spent incarcerated on the probation detainer lodged in the 2015 case.[11]

As mentioned, the relevant subsection of Section 9760 provides that credit shall be given "against the maximum term and any minimum term … for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." Section 9760(1). This credit includes "credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." *Id.* Focusing on the words "conduct," "charge," and "based," we note that Chapter 97, where Section 9760 is located, does not provide a definition for any of these terms. "Although not defined, this does not *ipso facto* render the phrase[s] ambiguous." *Commonwealth v. Gamby*, 283 A.3d 298, 307 (Pa. 2022).

---

[11] We acknowledge that the PCRA court's award of partial credit for time served altered Appellant's "max out date" in the 2018 case. *Phillips, supra*, at *2 n.3 (Pa. Super. 2024) (unpublished memorandum) (explaining Appellant's sentence in the 2018 case "will expire in January 2025, at which time Appellant will begin serving the probationary sentence in the 2015 case"). In fact, it appears that, as of the filing date of this opinion, Appellant's sentence, imposed in the 2018 case, has already been completed. As this matter primarily involves a request for credit towards this sentence, there is a concern regarding Appellant's eligibility for relief, 42 Pa.C.S. 9543(a)(1)(i), and this matter may now be moot. *See, e.g., Pap's A.M. v. City of Erie*, 812 A.2d 591, 600 (Pa. 2002) (explaining that "[t]he mootness doctrine requires that an actual case or controversy must be extant at all stages of review, not merely at the time the complaint is filed") (internal citation omitted)). That said, neither party has raised the issue of mootness and this Court is not obligated "to search outside the record to invoke the mootness doctrine *sua sponte*[.]" *Rendell v. Pa. State Ethics* Comm'n, 983 A.2d 708, 718 (Pa. 2009). As we find that answering the question presented will be useful and instructive to the bench and bar in future cases, we decline to *sua sponte* dismiss this appeal as moot.

Rather, we are able to, *inter alia*, consult the dictionary, which "is one tool that this Court uses to apprehend a term's plain meaning." *Thomas Jefferson Univ. Hosps., Inc. v. Pa. Dep't of Lab. & Indus.*, 162 A.3d 384, 392 (Pa. 2017). *See also Gamby*, 283 A.3d at 307 ("To discern the legislative meaning of words and phrases, our Court has on numerous occasions engaged in an examination of dictionary definitions.").

The word "conduct," as a noun, is defined as "[p]ersonal behavior, whether by action or inaction[.]" CONDUCT, Black's Law Dictionary (12th ed. 2024). It may be "verbal or nonverbal" and a way to describe the "manner in which a person behaves[,]" or "collectively, a person's deeds." *Id.* A "charge," also termed criminal charge, is "[a] formal accusation of an offense as a preliminary step to prosecution[.]" CHARGE, Black's Law Dictionary (12th ed. 2024). Finally, Black's Law Dictionary defines "based (on)" as "[d]erived from, and therefore similar to, an earlier work[.]" BASED ON, Black's Law Dictionary (12th ed. 2024). *See also* "Base." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/base (last visited 23 Jun. 2025) (defining present tense "base" as, *inter alia*, "the starting point or line for an action or undertaking").

When reviewing Section 9760(1) with these definitions in mind, "we find nothing in the plain reading of the statutory language to be unclear or ambiguous, and, as such, we do not resort to other principles of statutory construction to elicit the meaning of the phrase." *Ursinus Coll. v. Prevailing Wage Appeals Bd.*, 310 A.3d 154, 172 (Pa. 2024). That is to say, we agree with Appellant that a plain reading of the phrase "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based" mandates that time credit against a prison sentence be given in two distinct scenarios. *See In re Paulmier*, 937 A.2d 364, 373 (Pa. 2007) ("The word 'or' is defined as a conjunction used to connect

words, phrases, or clauses representing alternatives. In other words, 'or' is disjunctive. It means one or the other of two or more alternatives" (citation and some quotation marks omitted)).  The first involves time spent in custody due to the criminal charge for which the prison sentence was imposed.  The second requires credit to be awarded for time spent incarcerated as a result of actions from which the criminal charges, resulting in imprisonment, derived.  In other words, "such a charge" plainly relates to "the criminal charge for which a prison sentence is imposed."  *See* Section 9760(1).

Turning back to the case *sub judice*, the PCRA court awarded Appellant credit for the 237 days he spent incarcerated from January 17, 2019 (the day the probation detainer was lifted), to September 10, 2019 (the day sentence was imposed in the 2018 case).  Neither party contests this award, which clearly falls within the ambit of "all time spent in custody as a result of the criminal charge for which a prison sentence is imposed[.]" Section 9760(1).

The remaining, contested, time pertains to Appellant's incarceration between May 19, 2018 (when bail was posted in the 2018 case) and January 17, 2019 (the day the detainer was lifted).  In considering the underlying circumstances of this confinement against the backdrop of the plain language contained in Section 9760(1), we find that the lower courts erred in determining that the contested-to time spent incarcerated could not be credited to his 2018 sentence, as the time spent in custody was "a result of the conduct on which such a charge is based."  Section 9760(1).

In the 2015 case, an order entitled "Capias for the Arrest and Detention of a Probation/Parole Violator" was filed on May 23, 2018.  Per that order, which officially detained Appellant pending future proceedings, Appellant was "reported" to have violated "Condition #3" of his probation.  *See* Order, 5/23/18.  This condition required Appellant to comply with, *inter alia*, "all Municipal, State[,] and Federal Criminal laws[.]"  *Id.*  The

violation petition, filed several months later, confirmed that Appellant had violated, *inter alia*, "Condition #3" of his probation when he was charged in the 2018 case.

The foregoing makes clear that had Appellant not committed the conduct that led to charges being filed in the 2018 case, *i.e.*, assaulted his wife, a probation detainer would have never been lodged by the Board. *See* Appellant's Brief at 12 n.4 (emphasizing that "he was imprisoned on probation violation charges, which were based on the conduct resulting in the criminal charges [in the 2018 case], for which he was ultimately sentenced to incarceration"). That is to say, while the detainer was undoubtedly related to his previous probationary sentence, it was premised on his new charges, which triggered a violation of his probation.

Relatedly, the fact that the detainer could be attributed to more than one action or conduct is of no moment, as the use of the indefinite article, "a result," encompasses non-exclusive causes, like the conduct that precipitated the violation and his detainer, which is the same conduct that led to the 2018 charges. Stated succinctly, Appellant's assault on his wife is the conduct that led to the 2018 charges and the probation detainer, as he would not have been charged in the 2018 case, and thus confined on a detainer, but for the fact that he assaulted his wife.

In all, we find the contested-to period of pre-sentence confinement fits within the ambit of the statute's scheme and decline to adopt the Commonwealth's position that Appellant's "conduct when he resisted arrest was what ultimately resulted in him being incarcerated on the probation detainer, not his conduct when he committed the later aggravated assault" in the 2018 case. Commonwealth's Brief at 11. There is no language in Section 9760(1) suggesting the conduct must result **exclusively** from the charges that resulted in the prison sentence and accepting the Commonwealth's interpretation would require us to insert restrictive language, permitting pre-sentence confinement to be

credited only if the conduct constituted the **sole** cause of the confinement. *See Pennsylvania Sch. Boards Ass'n, Inc. v. Com., Pub. Sch. Employees' Ret. Bd.,* 863 A.2d 432, 439 (Pa. 2004) ("It is not this Court's function to read a word or words into a statute that do not actually appear in the text where, as here, the text makes sense as it is, and the implied reading would change the existing meaning or effect of the actual statutory language."). In this respect, we are bound to presume "that the legislature intends the entire statute to be effective and certain." *Commonwealth v. Griffin*, 207 A.3d 827, 830 (Pa. 2019) (citing, *inter alia*, 1 Pa.C.S. § 1922(2) (internal quotation marks omitted)). Accordingly, we must not disregard the plain, unambiguous language of the statute "under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

Under the facts and circumstances of this case, the Superior Court erred in concluding that Appellant's sentence was not illegal. The order of the Superior Court, upholding the PCRA court's decision, is thus reversed.[12]

Chief Justice Todd and Justices Donohue, Dougherty, Wecht, Brobson and McCaffery join the opinion.

---

[12] As noted *supra, see* fn. 11, it appears that Appellant has already completed the sentence imposed in the 2018 case, which effectively bars the lower court from providing relief in the form of the credit for time served. Nevertheless, as the record is not entirely clear on this point, we remand the matter to the Superior Court to discern Appellant's status and determine whether any relief could be awarded.